RAILWAY COMPANY *v.* AIKEN, Adm'r.

(*Knoxville.*   October 11, 1890.)

1. PRACTICE.   *Exceptions to evidence.*

Exception to irrelevant evidence is insufficient to render its admission erroneous, where upon the taking of the depositions containing the objectionable matter *general* exception was taken to the *questions* but none to the *answers*, and no ruling made by the Commissioner, and where it does not appear that any specific exception was made at the trial, but, in a *general way*, it is stated that the exceptions noted in the depositions were relied upon.

2. SAME.   *Same.*

Exceptions to evidence made on the taking of depositions are not preserved by a sweeping general statement in the record that they were relied upon at the trial, but the particular exceptions insisted upon must be specifically and definitely pointed out in the record.

3. NEGLIGENCE.   *Charging comparative negligence.*

Charge of Court embodying doctrine of comparative negligence is erroneous in this State.   And comparative, not contributory, negligence is defined where the jury are instructed to decide against the party guilty of the "greater" or "grosser" negligence, without the qualification that the negligence must have been the "prime, principal, and proximate cause of the injury."

Case cited and approved: Railroad *v.* Hull, 88 Tenn., 33.

Cited and distinguished: Railroad *v.* Gurley, 12 Lea, 55, 56; Railroad *v.* Fain, 12 Lea, 35.

4. MASTER AND SERVANT.   *Master's duty with reference to machinery.*

Railway company, having a machine-shop, as between itself and employes therein, is not bound to provide machinery that is safe and

Railway Company *v.* Aiken, Adm'r.

sound so "far as human foresight and skill can make it," but is held to the exercise of only "ordinary care and prudence" in that regard.

Cases cited and distinguished: Railroad *v.* Elliott, 1 Cold., 611; Railroad *v.* Jones, 9 Heis., 27–41; 100 U. S., 213-226.

FROM BRADLEY.

Appeal in error from Circuit Court of Bradley County. ARTHUR TRAYNOR, J.

W. M. BAXTER, MAYFIELD & SON, and ROBERT PRITCHARD for Railway Company.

S. P. & D. A. GAUT, and CREED F. BATES for Aiken.

SNODGRASS, J.  The defendant in error sued the East Tennessee, Virginia and Georgia Railway Company for damages for killing his intestate son, and recovered judgment for $2,500 upon the verdict of a jury.

The company appealed, and assigned errors. The first relates to the admission of incompetent testimony respecting a notice which the company had posted in its shop (where plaintiff's intestate was killed), forbidding employes to give intelligence of accidents on the road or in the shop.  Such questions were propounded to two witnesses.  The

Railway Company *v.* Aiken, Adm'r.

record shows exceptions in the following form: "Question excepted to by defendant's counsel." On this there was no ruling of the Master before whom the witnesses were being examined, nor by the Court afterward in specific terms; nor is there anywhere an exception to the answers made by the witnesses, which were that such notice related to accidents on the *road;* but in the bill of exceptions taken at time of trial there is a recitation that defendant excepted to the reading of such parts of the depositions taken by plaintiff as were .heretofore excepted to and noted in said depositions, and that these exceptions were overruled.

We hold this insufficient to raise any question. Technically there was no exception to the "testimony taken." In the instances referred to there was no objection made to the answers as given— the testimony taken—in answer to the questions stated. But, this aside, there was no specific exception to the evidence, and a mere line in a bill of exceptions cannot be made to do the service of showing specific objections to all the depositions which may have been taken, and thus referred to in general terms.

Such exceptions as are insisted upon must be definitely referred to and set out, so that they may appear to have had the special consideration of the Court; and no sweeping statement of wholesale disposition of them will be treated as the equivalent of such action. Otherwise, the labor and trouble and the accuracy of specific objection

and action would be dispensed with below by the use of a drag-net to collect them here and apply at convenience.

The second assignment relates to the refusal of the Court to withdraw certain evidence from the jury. It is not well taken, and need be no further noticed.

The third is upon the charge of the Court in telling the jury that plaintiff could recover if defendant was guilty of a greater degree of negligence than deceased, and that defendant's machinery must have been " safe so far as human fore-sight and skill can make it."

These objections to the charge are both well taken. It has been repeatedly held by this Court that the responsibility of one party and non-responsibility of another for an injury could not be determined by a mere comparison of negligence; that this was too uncertain and unlimited a field in which to turn a judicial inquiry; that to say to juries you may give damages if you think the defendant has been guilty of more negligence than the person injured is practically to do away with all limitations upon them, and allow verdicts uncontrolled by fixed rules of law, making them instead depend upon the mere speculation of juries in uncertain and indefinite comparison.

Where these words have been used implying a comparison beyond the point of equal culpability, they have been followed by the qualification that the " greater" or "grosser" negligence must have

been the "prime, principal, and proximate cause of the injury," and upon this qualification alone held not to state the doctrine of comparative negligence or be reversible error. *Railroad* v. *Gurley*, 12 Lea, 55, 56, quoting also the exact language of the charge in *Railroad* v. *Fain*, in same book. Other cases, reported and unreported, have made the same distinction; and no case has been affirmed where the liability has been made to depend upon a mere comparison of negligence without such qualification.

But the question need not be restated or discussed here. At the last term the exact question upon a like charge now being considered was presented, and it was decided to be reversible error to instruct the jury that defendant would be liable if the injury was occasioned by its greater or grosser negligence without qualification respecting the proximate cause. *Railroad Company* v. *Hull*, 4 Pickle, 33.

In this case it was said that the safer and better rule is to leave off these words, and to instruct the jury that if the negligence of the injured party was not the direct and proximate cause of the injury, but was remote, and that of defendant was the prime, principal, and proximate cause of the injury, the plaintiff might recover; but they, as we have seen, will not be held to vitiate a verdict if accompanied with the qualification stated, and thus limited to a fixed use and meaning. It is true, of course, as a matter of fact,

that a negligence which proximately causes a thing is greater than one which remotely contributes to it; so that if a jury be told that the negligence which causes an injury must be greater and must proximately contribute to the injury in order to make defendant liable, this is but equivalent to stating the proposition that defendant's negligence must have been the prime, principal, and proximate cause of the injury, and that of the person injured not such cause. Hence, the use of these words has not been held to be error where the qualification respecting proximate cause has been added to them. But it is manifest that to omit such qualification and submit the question of comparison without it, makes the result depend not necessarily upon what was the proximate cause of the injury, but upon the opinion of the jury as to which party was more negligent, whether that did or did not immediately and proximately cause the injury.

There was no such qualification in the charge before us. It is precisely such a charge as that quoted in the opinion in the Hull case and held to be reversible, and is of course erroneous. .

It was also error to instruct the jury that the machinery in defendant's machine-shop, where plaintiff's intestate was working when killed, must have been "safe so far as human foresight and skill can make it." This is a rule applicable between an injured passenger and a railroad company as carrier of passengers, in suits for injuries sus-

tained by the passenger in consequence of defective road or machinery used thereon, in which it is universally agreed a higher degree of care is required than as between itself and employes on its trains. In the latter case (as to degree of care required toward employes on its trains), in view of the immense dangers encountered as the result of the slightest want of care on the part of the railroad company, while declaring that "ordinary care" is the rule, this Court has justified charges requiring the very highest degree of care in cases where train employes were injured by defective machinery, and has said that it sees no sound reason for the distinction in liability of the company toward passengers and employes on its trains. *Railroad Co.* v. *Elliott,* 1 Cold., 611; *Railroad Co.* v. *Jones,* 9 Heis., 27–41.

This, doubtless, upon the theory that the machinery used is so complicated and powerful and so dangerous that the "ordinary care" of a prudent man in the purchase and preservation of such machinery would be and should be extreme, because, while less care in less danger would be ordinary, only the greatest care where the danger is so great would be ordinary. But be this as it may, there is no doubt that the great weight of authority is with the proposition announced, that the care must be ordinary and does not go to the extent implied in its application by our Court in the cases cited respecting *train employes. Hough* v. *T. & P. Railroad Co.,* 100 U. S., 213–226 (Lawyer's

Ed., Book 25, page 613); Woods' Railway Law, Vol. 3, Sec. 373; Cooley on Torts, 556, 557.

Here, however, we have no such case. The deceased was not running or working on the trains of the company. He was an employe in its machine-shop, and the mere fact that the defendant company was also the owner of a railroad which it operated, and was sued as such in its corporate name, does not fix upon it a different or higher degree of liability than that of other machine owners toward their employes in shop-work. In this aspect there is no diversity of opinion or room for controversy. The rule is that the machinery employed must be safe and sound as ordinary care and prudence can have it, and not "as human foresight and skill can make it," because this implies the highest degree of care.

It is needless to cite authorities to this proposition, as they can be found collected in all textbooks on the relations of master and servant.

The judgment must be reversed and case remanded for a new trial. The cost of this Court will be paid by defendant in error.