McKENNA et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. January 21, 1904.)

No. 1,197.

1. Right to Vote—Conspiracy to Hinder Exercise—Sufficiency of Indictment.

An indictment under Rev. St. § 5508 [U. S. Comp. St. 1901, p. 3712], punishing a conspiracy to injure, oppress, threaten, or intimidate any citizen in the free exercise and enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, which charges that defendants conspired to injure, etc., certain named persons,

male citizens of Kentucky over 21 years of age, "in the free exercise and enjoyment of a right and privilege secured to them," is bad as indefinite, in that it fails to state what particular right and privilege is meant, though it continues with a recital that defendants were officers of an election precinct, conspired together "for the purposes aforesaid," and "to carry out and effect the object of the same" failed to open the polls promptly, and by a tardy discharge of their duties and frequent absences prevented the persons named from voting.

2. SAME.

It is a rule of pleading that, when the fact which is made by the statute an essential element of the crime is a collective or general one, including many, it is necessary to specify the particular thing intended to be charged.

In Error to the District Court of the United States for the Eastern District of Kentucky, at London.

Maury Kemper and W. O. Bradley, for plaintiffs in error.
J. H. Tinsley, U. S. Dist. Atty.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. The plaintiffs in error were convicted in the court below of the crime of having conspired with other persons to injure, oppress, and intimidate certain individuals, named in the indictment, in the exercise and enjoyment of a right secured to them by the laws and Constitution of the United States. There was a demurrer to the indictment, which was overruled, and several exceptions were taken to rulings made upon the trial. A motion in arrest of judgment was also made upon the same grounds as those alleged for cause of demurrer, which motion was overruled. Thereupon the defendants were each sentenced to pay a fine of $100, and be imprisoned in a penitentiary for a term of two years.

As we think the case must be disposed of on the question of the validity of the indictment, the other assignments of errors which are alleged to have occurred on the trial need not be particularly stated. The indictment is founded upon section 5508 of the Revised Statutes [U. S. Comp. St. 1901, p. 3712], which reads as follows:

"If two or more persons conspire to injure, oppress, threaten or intimidate any citizen in the free exercise and enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, * * * they shall be fined not more than five thousand dollars and imprisonment not more than ten years, and shall, moreover, be thereafter ineligible to any office, or place of honor, profit or trust created by the Constitution or laws of the United States."

And the second count on which the defendants were convicted charges that:

"The said John J. McKenna and J. B. Ryan did willfully and feloniously conspire and confederate and agree to and with each other, and to and with divers other persons, whose names are to the grand jurors unknown, to injure, oppress, threaten, and intimidate Oliver Chambers, Henry Hundley, Harrison Sims, A. B. Hawkins, Mack O'Rear, George Lightfoot, Barney Smith, and various other persons whose names are to the grand jury unknown, who were then and there, each and all of them, male citizens of the United States and the state of Kentucky, over the age of twenty-one years, in the free exercise and enjoyment of a right and privilege secured to them and each of them by the laws and Constitution of the United States; that is

to say, that on the sixth day of November, in the year of our Lord nineteen hundred, in the district aforesaid, and within the jurisdiction of this court, an election was duly and legally held under the laws of the United States and state of Kentucky, in the Seventh Congressional District of Kentucky, composed of the following counties: Fayette, Scott, Bourbon, Henry, Owen, Franklin, Oldham, and Woodford, and especially in Voting Precinct No. 19, in the city of Lexington and said county of Fayette, in said district, for the election and the selection of a member of Congress of the United States from said district; that J. B. Ryan and James Carroll were then and there judges of said election, and George W. Davis was then and there sheriff of said election, and John J. McKenna was then and there clerk of said election in said Precinct No. 19 aforesaid, and that Oliver Chambers, Henry Hundley, Harrison Sims, A. B. Hawkins, Mack O'Rear, George Lightfoot, and Barney Smith, and various other persons whose names to the grand jury are unknown, were then and there at said precinct by seven o'clock a. m. of said day, and that they were each and all male citizens of the United States and the state of Kentucky, and over the age of twenty-one years, and each of them had resided in the precinct more than sixty days, and within Fayette county more than six months, and within the state of Kentucky more than one year, immediately next preceding the sixth day of November, 1900, and none of them had ever been convicted of a crime that would deprive them, or either of them, of the right to vote, and each and all of said persons had been duly registered as legal voters in said precinct within the time prescribed by law; that there were then and there candidates whose names were then and there on the ballots prepared and furnished by public authority to be voted for member of Congress from said Seventh Congressional District of Kentucky, all of which was well known to said defendants and each of them; and the said defendants did then and there unlawfully, willfully, and feloniously conspire together and with each other, and with divers other persons whose names are to the grand jurors unknown, for the purposes aforesaid; and to carry out and effect the object of the same, unlawfully, willfully, and feloniously did fail and refuse to open the polls at said Precinct No. 19 for an unreasonable length of time, to wit, one hour after the regular time to open the same, and did then and there, after the said polls were opened, unlawfully, willfully, feloniously, and purposely cause great delay by stopping the voting from time to time, by writing down the names of voters in a very slow and hesitating manner, by raising captious and unnecessary questions with the voters, by holding frequent pretended conversations with each other, and by going in and out of the polling places and absenting themselves from the voting place, thereby creating great delay; all of which was then and there done by said defendants willfully, to injure, oppress, delay, and prevent Oliver Chambers, Henry Hundley, Harrison Sims, A. B. Hawkins, Mack O'Rear, George Lightfoot, Barney Smith, and various other persons whose names are to the grand jurors unknown, from exercising, and did so prevent the aforesaid persons from exercising, a right guarantied to them by the laws and Constitution of the United States, to wit, the right to vote for member of Congress at said election."

The grounds of the demurrer to this indictment were these:

"(1) Because it does not charge a public offense or any crime against the laws of the United States of America.

"(2) Because the same is too vague and general to notify the defendants of the nature of the charge against them."

It is objected that the indictment, while it states that the object of the conspiracy was to injure, oppress, etc., the parties named in the exercise of a right secured by the laws and Constitution of the United States, fails to state what particular right was intended to be affected by the conspirators. We think the objection is well taken. The gist of the offense defined by the statute is the conspiracy to do the wrongful thing, and not the doing it. Whatever the morality of the actual accomplishment of the purpose of the conspiracy may be, it is not the

subject of indictment. The whole body of the crime constituted by this section consists in the formation of the plot. United States v. Britton, 108 U. S. 199, 2 Sup. Ct. 531, 27 L. Ed. 698. The indictment, therefore, in order to charge the offense intended by the statute, should allege the essential facts which constitute it. Pettibone v. United States, 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419.

When the fact which is made by the statute an essential element of the crime is a collective or general one, it is necessary to specify the particular thing intended to be charged. This for several reasons: (1) To enable the court to see whether the particular fact is of the character intended by the general language of the statute— this is the province and duty of the court, and cannot be passed over by the conclusion of the pleader; (2) to apprise the respondent of the particular fact intended to be charged, in order that he may come prepared to meet it, and not be compelled to array a defense to all manner of charges which might be comprehended in the general words of the statute; and (3) that it may be known what the judgment covers, and to what extent it is a bar to further prosecution. Cruikshank v. United States, 92 U. S. 542, 23 L. Ed. 588.

It would be difficult to find a case more fit for the application of this rule, for the rights and privileges enjoyed by the public under the laws and Constitution of the United States are manifold. This indictment does not allege (what is sought to be attributed to its language) that the right or privilege was that of voting for a member of Congress. It is true it states that certain things were done by the conspirators in pursuance of the plot. But this is no part of the offense. All that can be said of it is that it furnishes an inference as to what the conspiracy was. But this does not meet the requirement of proper pleading, the rule being that the offense must be directly charged, and cannot be made out by inference or implication. United States v. Britton, supra; Pettibone v. United States, supra. How is it to be known whether the things alleged to have been done were in pursuance of the conspiracy? The conspiracy itself not being pleaded, the court cannot judge whether the things done have relation to it. It is the inference of the pleader. In the latter part of the indictment this mode of pleading is repeated. After alleging that an election was being held, it is charged that the defendants conspired with others for "the purpose aforesaid." This must refer to the purpose of injuring the persons named in the exercise of a right secured to them, stated in the earlier part of the indictment, to which we have already referred, for no other purpose is "aforesaid." Then, next, it is alleged that, "in pursuance of said conspiracy," and to carry it out, the defendants did certain things, which are enumerated, as evidential facts in proof that what they did tended to injure the voters in the exercise of their right or privilege to vote. It is obvious that this is only a repetition of the charge of a conspiracy to injure some right (not stated) secured, etc., and of the allegation of things done in pursuance of it. The cases above referred to seem decisive in respect of the sufficiency of this indictment.

Some defects in pleading, if not objected to seasonably, are said to be cured after verdict. But here the objection was raised at the

threshold of the case. We do not inquire whether the defect we have been considering would have been cured if it had not been objected to prior to the motion in arrest of judgment.

The judgments must be reversed, with the direction to sustain the demurrers. And, as there can be no new trial on this indictment, the respondents should be discharged.