## WOODRUFF v. YAZOO & M. V. R. CO.

(Circuit Court of Appeals, Fifth Circuit.  February 10, 1914.)

No. 2485.

**1. PLEADING (§ 111*)—PLEA IN ABATEMENT—DENIAL.**

Where a plea in abatement raised an issue of law only, which was overruled, the court properly permitted defendant to plead over to the merits, and refused to render judgment quod recuperet, which is only authorized on the denial of a plea presenting an issue of fact.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234-236; Dec. Dig. § 111.*]

**2. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—DEFECTIVE APPLIANCES—LUBRICATOR INDICATOR TUBE—QUESTION FOR JURY.**

Where decedent, a locomotive engineer, was injured by the explosion of a lubricator indicator tube when subjected to a steam pressure of but 145 pounds, when it should have had a tensile strength to withstand 300 pounds, whether defendant was negligent in furnishing such tube to plaintiff without subjecting it to the proper test was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010-1015, 1017-1033, 1036-1042, 1044, 1046-1050; Dec. Dig. § 286.*]

**3. MASTER AND SERVANT (§ 124*)—INJURIES TO SERVANT—DEFECTIVE APPLIANCES.**

Where a railroad company furnished indicator tubes for use on its engines which were required to withstand a pressure of 150 pounds to the square inch, it was the company's duty, before furnishing tubes to an engineer for use to test them, to ascertain that they had proper tensile strength.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235-242; Dec. Dig. § 124.*].

**4. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—DEFECTIVE APPLIANCES.**

Where the tensile strength of lubricator indicator tubes used on locomotives could only be ascertained by a test, and tubes which were of proper and of insufficient tensile strength had the same appearance, and a locomotive engineer, using such tubes, had no opportunity for making the test himself, he did not assume the risk of the use of insufficient tubes as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068-1088; Dec. Dig. § 288.*]

In Error to the District Court of the United States for Jackson Division of the Southern District of Mississippi; Henry C. Niles, Judge.

Action by Elise H. Woodruff, as administratrix, etc., against the Yazoo & Mississippi Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Marcellus Green, Garner Wynn Green, and Marcellus Green, Jr., all of Jackson, Miss. (Ackland H. Jones, of Woodville, Miss., of counsel), for plaintiff in error.

Mayes & Mayes, of Jackson, Miss. (C. N. Burch, of Memphis, Tenn., of counsel), for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This cause comes to this court upon a writ of error to the District Court of Mississippi at Jackson, to review a judgment for the defendant, rendered on a directed verdict in an action to recover damages for personal injuries, consisting in the loss of an eye, which the plaintiff's intestate and husband received, while engaged in the employment of the defendant as a railroad locomotive engineer, by the explosion of an indicator tube of the lubricator of the engine he was in charge of... The action was brought under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]). The original plaintiff was the injured employé; he died before judgment, and the cause was revived in the name of his wife as administratrix.

Two errors are assigned:

[1] (1) The court erred in not rendering judgment quod recuperet upon finding the issue on the first plea of abatement for the plaintiff, and in permitting the defendant to plead to the merits. We think the court below properly permitted the defendant to plead over to the merits, after overruling its plea in abatement. The issue presented by the plea was substantially one of law rather than one of fact, conceding that even in the latter case it would have been proper to deny the defendant the right to answer over. 1 Encyc. Pl. & P. 30, and cases cited. Kendrick v. Watkins, 54 Miss. 495, relied on by plaintiff in error, asserts that a judgment quod recuperet is proper only when a plea in abatement, presenting an issue of fact, as distinguished from an issue of law, has been overruled. The plaintiff in error should take nothing by her first assignment.

(2) The second assignment is based upon the action of the court below in sustaining the defendant's motion for a peremptory instruction and in giving and not refusing the same. The original plaintiff, J. H. Woodruff, was, at the time of his injury, and for many years had been, a locomotive engineer in the employment of the defendant. When injured he was running between Woodville, Miss., and Slaughter, La., in charge of a freight engine and engaged in interstate commerce. His engine was equipped with what is known as a Nathan No. 8 lubricator, which had four glass tubes, three called feed tubes, and one an indicator tube. The original tubes were furnished to the railroad company by the manufacturer with and as a part of the lubricator. They were tested by the manufacturer under a test which indicated that their tensile strength, as was true of all the parts of the lubricator, was such that they were able to withstand a pressure of 300 pounds to the square inch. When the lubricators came from the factory, the glass tubes were protected by a tin shield with perfora-

tions, which extended around the tubes, to keep the glass from flying in case of explosion. On the engine the plaintiff's intestate was running when injured, the tin shield, with which the factory had equipped the lubricator, had been removed, and a wire coil had been substituted for it around the tube that exploded. The substitution had been made a considerable time before the accident, and the plaintiff's intestate knew of the substitution and of the greater comparative danger from the substituted appliance, as compared with the original, in the event of an explosion. This appears without dispute from the record. With such knowledge of the character of and risk from the substituted appliance, the plaintiff's intestate continued in defendant's employment and in the use of the dangerous appliance for a time long enough to have charged him with the assumption of the risk of the danger arising from the substituted appliance. This also appears without conflict from the record. It is clear that the court, so far as the negligence of the defendant was predicated upon the substituted cover for the indicator tube, properly instructed the jury to find for the defendant, if the defense of assumed risk was still open to the defendant under the federal Employers' Liability Act. This was contested by the plaintiff in the court below. The court below ruled that the assumption of risk, except with relation to defects of the employer's plant covered by the Safety Appliance Acts of Congress (Act March 2, 1893, c. 196, 27 Stat. 531, as amended by Act April 1, 1896, c. 87, 29 Stat. 85 [U. S. Comp. St. 1901, p. 3174]), was still open to the defendant. There is conflict of opinion in different circuits with reference to the construction of the federal Employers' Liability Act in this respect, and the Supreme Court has not definitely ruled upon it. In view of the fact that the judgment in this cause is to be reversed on another ground, and the probability of a controlling decision by the Supreme Court, before the cause is retried, we refrain from deciding that question in this case.

The plaintiff in the court below, as is the case in the state court, relied principally, if not entirely, upon the substituted wire coil for a recovery, and the court below as is true of the Supreme Court of Mississippi, probably considered only this defect in sustaining the defendant's motion for a peremptory instruction. It is now pressed upon us, both in oral argument and in brief by counsel for plaintiff in error, that the evidence shows a negligent defect upon the idea that the indicator tube, which exploded, was not of sufficient tensile strength to withstand the steam pressure, which the engine was intended by defendant to carry, and that, as to this defect, there was no assumption of risk by plaintiff's intestate, since it was not an obvious one, and the record fails to show any knowledge on plaintiff's intestate's part that the tube was of insufficient strength.

The evidence shows that the engine was constructed to carry a steam pressure of 150 pounds to the square inch, and that such pressure was frequently maintained; that at the time of the explosion the steam pressure was only 145 pounds. The automatic safety valve did not permit a greater steam pressure than 150 pounds. The evidence showed that a short time before the accident the indicator tube on the lubricator had

broken, from a cause not disclosed by the record, and that the plaintiff's intestate had replaced it with the tube that exploded and injured him afterwards; that the substituted tube was furnished to the plaintiff's intestate, with others, from the defendant's shop, for the purpose of being used by the intestate in the event that a tube broke while on the road; that the intestate made the substitution in the proper way; that the tube remained intact for eight days, when it exploded; that if there had been a defect in the glass, it would have exploded immediately upon being subjected to steam pressure; but if its insufficiency was due to a lack of tensile strength, and not to a specific imperfection, it might not explode for some time after it was subjected to steam pressure; that the tubes furnished by the manufacturer were tested and made to endure a steam pressure of 300 pounds before being placed in the lubricators. The intestate testified that if the explosion of the tube was due to its insufficiency in tensile strength to resist the steam pressure it had to encounter, it might have gone for some time after being subjected to the strain of steam pressure and then have exploded; that if the tensile strength of a boiler or of a glass tube was not sufficient to stand the pressure, it often happened that the boiler or other glass tube would go for several days under steam, and then explode all of a sudden and for want of tensile strength to hold the pressure.

[2, 3] It was open to the jury to infer from this evidence, recited from the record, that the explosion of the indicator tube was due to lack of sufficient tensile strength to resist the steam pressure the defendant knew it was required to encounter in the ordinary daily operation of the engine, namely 150 pounds, since it is shown to have exploded under a pressure of but 145 pounds; that it should have had a tensile strength of 300 pounds, according to manufacturers' standard, but did not, in fact, have one-half that amount; that the defendant, having furnished the tube to intestate for the purpose for which it was used, must either have known of its insufficiency in this respect, if the tubes were tested by it, or have been in negligent ignorance of it, if no test was made, since its duty would have been to make a test, before furnishing it to the intestate for use on his engine. The issue of the negligence or the absence of negligence in this respect was an issue of fact, which should have been submitted to the jury.

[4] It is clear that the evidence in the record was of a character that required the submission to the jury of the issue of assumption of risk on intestate's part of the insufficiency of the tube in tensile strength, if there was any evidence of such assumption on his part. The sufficient and insufficient tubes in this respect were of the same appearance, and a test was required to tell of the insufficiency. The intestate had no means of making the test, and had the right to assume the tensile sufficiency of the tube that was furnished by his employer, until he acquired knowledge to the contrary. The record does not show such knowledge on his part. His knowledge of the likelihood of an explosion of the tubes, even when of sufficient tensile strength, would not be an assumption of the risk of an explosion of a tube which was of insufficient tensile strength, of which fact he was unaware.

For these reasons, we think the case should have been submitted to the jury, and that the court below erred in directing a verdict for the defendant. The judgment is reversed, and the cause remanded to the District Court for a new trial.