WOODRUFF v. YAZOO & M. V. R. CO.

(Circuit Court of Appeals, Fifth Circuit.    April 7, 1915.    Rehearing Denied
April 27, 1915.)

No. 2740.

APPEAL AND ERROR &#x25C8;&#x21D2;1099—LAW OF THE CASE—SUBSEQUENT APPEALS.

The ruling, on an appeal in an action for injuries to an employé, that the evidence made questions for the jury as to the defendant's negligence and the employé's assumption of the risk, was the law of the case on a subsequent appeal, the essential facts being the same on the second trial as on the first trial, with the exception of the testimony of one witness, whose testimony tended rather to strengthen than weaken plaintiff's case, since whatever has been decided on one writ of error cannot be re-examined on a subsequent writ in the same suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. &#x25C8;&#x21D2;1099.]

Pardee, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Action by Mrs. Elise H. Woodruff, administratrix, against the Yazoo & Mississippi Valley Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with instructions.

This case is here upon a second writ of error. Upon the first trial in the District Court, the jury, upon peremptory instructions of the court, returned a verdict in favor of the defendant in error. Judgment was duly rendered on the verdict, and, the case having been brought to this court by writ of error, the judgment was reversed, and the cause remanded for a new trial. The opinion of this court, which contains a clear statement of the case, will be found reported in 210 Fed. 849, 127 C. C. A. 411 et seq. Upon a second trial in the court below, the court again instructed a verdict for the defendant in error, and judgment was rendered in accordance therewith. To revise this judgment the present writ of error is brought.

Marcellus Green and Garner Wynn Green, both of Jackson, Miss., for plaintiff in error.

Edw. Mayes and Robt. B. Mayes, both of Jackson, Miss., and Charles N. Burch and H. D. Minor, both of Memphis, Tenn., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above).    With the exception of the testimony of Charles Linstrum, master mechanic of the defendant in error at Vicksburg, the essential facts of the present case are the same as those involved on the former hearing.    Without expressing an opinion of the force and effect of Linstrum's testimony, it may with propriety be said that it did not weaken, but tended rather to strengthen, the case made by the plaintiff in error.    Upon the former hearing this court, after referring to the facts, used the following language:

"It was open to the jury to infer from this evidence, recited from the record, that the explosion of the indicator tube was due to lack of sufficient ten-

sile strength to resist the steam pressure the defendant knew it was required to encounter in the ordinary daily operation of the engine, namely 150 pounds, since it is shown to have exploded under a pressure of but 145 pounds; that it should have had a tensile strength of 300 pounds, according to manufacturers' standard, but did not, in fact, have one-half that amount; that the defendant, having furnished the tube to intestate for the purpose for which it was used, must either have known of its insufficiency in this respect, if the tubes were tested by it, or have been in negligent ignorance of it, if no test was made, since its duty would have been to make a test before furnishing it to the intestate for use on his engine. The issue of the negligence or the absence of negligence in this respect was an issue of fact, which should have been submitted to the jury. It is clear that the evidence in the record was of a character that required the submission to the jury of the issue of assumption of risk on intestate's part of the insufficiency of the tube in tensile strength, if there was any evidence of such assumption on his part. The sufficient and insufficient tubes in this respect were of the same appearance, and a test was required to tell of the insufficiency. The intestate had no means of making the test, and had the right to assume the tensile sufficiency of the tube that was furnished by his employer, until he acquired knowledge to the contrary. The record does not show such knowledge on his part. His knowledge of the likelihood of an explosion of the tubes, even when of sufficient tensile strength, would not be an assumption of the risk of an explosion of a tube which was of insufficient tensile strength, of which fact he was unaware. For these reasons, we think the case should have been submitted to the jury, and that the court below erred in directing a verdict for the defendant."

The foregoing ruling of the court must stand as the law of the case upon the present hearing, since it is well settled "that whatever has been decided here on one writ of error cannot be re-examined on a subsequent writ brought in the same suit." Clark v. Keith, 106 U. S. 465, 1 Sup. Ct. 568, 27 L. Ed. 302; Supervisors v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Bell v. Arledge, 219 Fed. (C. C. A. 5th Cir.) 675, 135 C. C. A. 347, citing numerous authorities.

It was intimated by counsel that the peremptory instruction to the jury, on the second trial, was based upon the case of Seaboard Air Line Railway Co. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, decided subsequent to the first hearing of the present case in this court. Upon a careful examination of the opinion in the Horton Case, we are unable to discover any conflict between it and the opinion rendered by Judge Grubb as the organ of this court upon the former hearing. The views of the two courts are in complete harmony, so far as they affect the issues involved in the present controversy.

We are therefore of the opinion that the judgment should be reversed, and the cause remanded, with instructions to the trial court to submit the issues to the jury in conformity with the views expressed by this court on the first writ of error.

Ordered accordingly.

PARDEE, Circuit Judge (dissenting). In this case, when heretofore before this court, two important questions affecting the proper decision of the same were involved, both arising under the Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]), to wit: (1) As to the assumption of risk by the employé; and (2) the degree of care required of the employer in furnishing tools and appliances for the employé to use. In the opin-

ion handed down (210 Fed. 849, 127 C. C. A. 411) the assumption of risk was discussed, but not decided; but it was held that the employer's duty in the premises required him to make a test of certain indicator tubes furnished to the intestate engineer to use on his engine.

Since our decision in that case, and before the trial in the court below, the Supreme Court of the United States, in the case of Seaboard Air Line Co. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062 (which it may be noted was, as to facts causing injury, very like the instant case), decided that under the Employers' Liability Act, when an employé knows of a defect in appliances used by him, and appreciates the resulting damages, and continues in the employment without objection, or without obtaining from the employer an assurance of reparation, he assumes the risk, even though it may arise from the employer's breach of duty, and also that under the Employers' Liability Act a defect in an appliance which is not covered by any of the federal Safety Acts, does not leave the employer absolutely responsible for the defect, but that the common rule with regard to negligence applies, which is that an employer is not a guarantor of the safety of the place of work or machinery and appliances of the work, and the extent of its duty to its employé is to see that ordinary care and prudence are exercised, to the end that the place at which the work is to be performed and the tools and appliances of the work are safe for the workman.

On the second trial of the instant case in the court below, the evidence submitted was not entirely the same as on the previous trial. Additional evidence was taken, showing the care and prudence exercised by the employer, and, among other things, that the tube that exploded, which had been furnished by the employer and put in place by the plaintiff's intestate, was obtained from, and guaranteed by, reputable manufacturers, and that the same was subjected by the deceased engineer to a test of eight days' actual service before there was an explosion; that from the nature of things tubes of glass originally sound and standing all reasonable tests through change of weather and depending upon use and handling are all liable to explode sooner or later.

As to whether an actual test of the indicator tube was made by the railroad company, prior to furnishing it to the engineer, does not appear. So that now it seems an entirely different case is presented to the court at the second trial from that presented on the first.

It is contended in this present case that the burden of proof is on the plaintiff to show that no sufficient test was made by the railroad company and that such test was necessary, and some very respectable authority is cited in support thereof. See Pennsylvania Railroad Co. v. Knox, 218 Fed. 748, 753, 134 C. C. A. 426; Patton v. Texas & Pacific R. Co., 179 U. S. 663, 21 Sup. Ct. 275, 45 L. Ed. 361; Westinghouse Electric & Mfg. Co. v. Heimlich, 127 Fed. 92, 62 C. C. A. 92; Petroleum Iron Works v. Boyle, 179 Fed. 434, 102 C. C. A. 579; Bush v. Traction Co., 192 Fed. 242, 112 C. C. A. 499.

As to the duty of an employer who furnishes guaranteed appliances and machinery procured from a reputable manufacturer of recognized

standing, it is said by the Supreme Court in Richmond & Danville Railroad Co. v. Elliott, 149 U. S. 266, 13 Sup. Ct. 837, 37 L. Ed. 728:

"If he purchases from a manufacturer of recognized standing, he is justified in assuming that in the manufacture proper care was taken, and that proper tests were made of the different parts of the machinery, and that as delivered to him it is in a fair and reasonable condition for use. We do not mean to say that it is never the duty of a purchaser to make tests or examinations of his own, or that he can always and wholly rely upon the assumption that the manufacturer has fully and sufficiently tested. It may be, and doubtless often is, his duty when placing the machine in actual use to subject it to ordinary tests for determining its strength and efficiency."

In Westinghouse Electric Mfg. Co. v. Heimlich, supra, Judge Lurton, for the Circuit Court of Appeals for the Sixth Circuit, laid down the following:

"The master is not a guarantor of the safety of machinery or implements furnished his employés, and is only bound to use ordinary care, diligence, and skill for the purpose of protecting them, and it is not negligence to use and employ such machinery or implements as the experience of trade and manufacture sanction as reasonably safe. Hough v. Railway Co., 100 U. S. 213, 25 L. Ed. 612; Washington Rd. Co. v. McDade, 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. Ed. 235; Union Pacific Ry. Co. v. Daniels, 152 U. S. 684, 689, 14 Sup. Ct. 756, 38 L. Ed. 597; Texas, etc., Ry. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136; Shearman & Redfield on Negligence (5th Ed.) § 195. * * * The defect in this chain was one which could not have been discovered by anything short of a test which would develop its existence by putting upon it a greater strain than the chain so defective would stand. In other words, in order to determine whether the iron was in fact crystallized, it was necessary to break or cut into each link, for it was altogether possible that, if one link was made from crystallized iron, the others were also defective. This defect might not exist to the same extent in every link. Was it, then, the duty of the plaintiff in error to subject this chain to a test for latent defects before allowing it to be used, or might the purchasers rely upon the reputation of the maker, and his representation as to the quality of the material used, and as to the results of the manufacturer's tests? In the selection of machinery, tools, or material the master is responsible to his servants for only ordinary care; that degree of care which a man of ordinary prudence in the same line of business would be expected to exercise to secure his own safety were he doing the work. Shearman & Redfield on Negligence (5th Ed.) § 195; 20 Am. & Eng. Ency. Law, 78, 79; De Graff v. New York Cent. Rd., 76 N. Y. 125; Marsh v. Chickering, 101 N. Y. 390, 5 N. E. 56; Carlson v. P. B. Co., 132 N. Y. 273, 30 N. E. 750; Railway Co. v. Aiken, 89 Tenn. 245, 14 S. W. 1082; Smith v. N. Y., etc., R. Co., 164 N. Y. 491, 58 N. E. 655; Service v. Shoneman, 196 Pa. 63, 46 Atl. 292 [69 L. R. A. 792, 79 Am. St. Rep. 689]. * * * The burden is upon the plaintiff to prove the negligence of the defendant. If the chain broke by reason of some defect, it devolves upon him to show that by reasonable care this defect might have been discovered. Texas & Pacific Ry. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136; L. & N. Rd. Co. v. Campbell, 97 Ala. 147, 151, 12 South. 574. The evidence showed that purchasers or users of such chains ordinarily relied upon the reputation of the maker and upon his representation as to the quality of the iron and strength of the chain. Neither was there any evidence tending to excite suspicion as to the soundness or strength of this chain, such as having been a long time in use. The chain had been many times examined for external evidences of defects, injury, or wear. In such circumstances there was no reason to apprehend a latent defect, and the purchaser is not required to make so extraordinary a test as that indicated by the court. A purchaser of such an article from a reputable manufacturer, with representations as to its tested strength and quality of material, is not responsible for hidden defects, which cannot be discovered by a careful ex-

ternal examination. Ladd v. New Bedford Rd., 119 Mass. 412, 20 Am. Rep. 331; Spicer v. South Boston Iron Co., 138 Mass. 426; Roughan v. Boston Block Co., 161 Mass. 24, 36 N. E. 461."

In the present state of the record, our former decision ought not to control, and in my opinion it is the duty of the court to take up and decide the case on its merits.