# CHARLESTON.

## EVANS *v.* CITY OF HUNTINGTON.

Submitted January 12, 1893.—Decided February 1, 1893.

MUNICIPAL CORPORATIONS—SIDEWALKS—NOTICE.
    A city charged with keeping the sidewalks of its streets in repair is liable for injury to a person arising from a defective sidewalk, whether it have notice of the defect or not.

CAMPBELL & HOLT for plaintiff in error.

HECOX & WILLIAMS and MARCUM & PEYTON for defendant in error cited 31 W. Va. 384; Id. 842; 34 W. Va. 232; 27 W. Va. 145.

BRANNON, JUDGE:

This is a writ of error obtained by the city of Huntington to a judgment in the Circuit Court of Cabell county, for five hundred dollars recovered by T. J. Evans in an action for damages for an injury received by him from a fall while walking along a street, caused by a defect in a sidewalk. The plaintiff and Spiller were walking upon the sidewalk, which was made of boards about four feet long, laid crosswise upon stringers, and projecting over the stringers; and Spiller, stepping upon the end of a board raised the other end, which caught the foot of the plaintiff, and caused the fall, inflicting considerable injury.

That the loose board was a dangerous defect in the walk is clear, and the jury has so found as a fact; and under the rigid rule, as applied by this Court in a number of cases, we must hold that the city is liable for such defect.

In *Sheff* v. *Huntington*, 16 W. Va. 307, this Court held that, if a person is injured by reason of a public road being out of repair, the corporation, whose legal duty it is to keep it in good repair, is liable, whether it had notice of the defect or not. In *Chapman* v. *Milton*, 31 W. Va. 384 (7 S. E. Rep. 22) and *Biggs* v. *Huntington*, 32 W. Va. 55 (9 S. E. Rep. 51) it is held that chapter 43, s. 53, of the Code, imposes an absolute liability upon cities and towns for injuries sustained by reason of failure of the municipal authorities to keep in repair the streets, sidewalks, *etc.*

Exception is made to the following instruction: "The court instructs the jury that if they find the defendant guilty they are, in estimating the damage, at liberty to consider the health and condition of the plaintiff before the injury complained of, as compared with his present condition, in consequence of such injuries, and whether said injury is in its nature permanent, and how far said injury is calculated to disable the plaintiff from engaging in those pursuits and employments for which, in the absence of said injury, he would have been qualified, and also the physical and mental suffering to which he was subjected, or may be subjected, by reason of said injuries, and to allow such damages as in the opinion of the jury will be a fair and just compensation for the injury which the plaintiff has sustained."

It is contended that this instruction assumes that the plaintiff's health was injured, and that he was subjected to physical and mental suffering, and that it tells the jury to give compensation only on condition that the jury find it guilty; that is, that there was a defect in the walk. The instruction does not so assume, nor does it tell the jury to impose damages merely upon the single fact that the sidewalk was defective. The instruction is that, "if the jury find the defendant guilty," then, *etc.* Now, to find the defendant guilty the jury must find both that the sidewalk was defective, and also that the plaintiff received injury because it was defective; for if you drop out either of these two facts the defendant is not guilty.

Nor does the instruction assume that the plaintiff's health was injured, and that he was subjected to suffering. It tells the jury first that they must first find the defendant guilty—that is, guilty as alleged in the declaration—its allegation being that the plaintiff received specific bodily injuries, from which he was disabled, and suffered physical pain and mental anguish. The finding of guilty thus including all the things specified in the instruction, it did not assume any of them.

Fairly construed, the instruction is wholly conditional upon the evidence. Moreover, the instruction is exactly like No. 4 in *Riley* v. *Railway Co.*, 27 W. Va. 145, which was approved in the opinion as "sustained by both reason and law."

We are asked to set aside the verdict for excessiveness of damages. The plaintiff's chin was cut by the fall so that it was necessary to sew it up, one rib was broken, and the plaintiff suffers from a roughened pleura likely attributable to the fall, and the evidence tends to show considerable hurt, and likely permanent injury. Plainly, we can not interfere with the verdict on this score. We can not see that if the injury exists, which the evidence tends to show, and which the jury has found to exist, the damage is excessive. The jury was the judge of the measure of damages, and we could not reverse its findings unless the amount was grossly excessive.

AFFIRMED.