JANE POWERS, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, February 19, 1894.

1. **Evidence:** EXPERT: HYPOTHETICAL QUESTIONS. In propounding hypothetical questions to expert witnesses, counsel have a right to assume all that the evidence may even tend to prove, and the fact that the counsel make an error in their assumption, does not render the question objectionable, if it is within the probable range of the evidence, and the question in this case is *held* to not transcend the range of the evidence.

2. ———: SUFFICIENT TO SUPPORT INSTRUCTION. *Held*, there was evidence in this case from which the jury could draw a reasonable inference that a certain officer was a policeman of the defendant city, and to support an instruction as to the effect of notice to him of the condition of the sidewalk in question.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

F. F. *Rozzelle*, J. W. *S. Peters* and *Charles E. Pratt* for appellant.

(1) Notice to a person is not notice to a city unless the person notified is an officer of that city. Elliott on Roads and Streets, p. 564, and cases cited; Dillon on Mun. Corp. [3 Ed.], sec. 1026, and cases cited; *City of Denver v. Dean*, 10 Col. 375; 3 Am. St. Rep. 594. It is error to give an instruction upon a theory not jusfied by the evidence. There was no evidence of notice to a police officer of the city. *Conway v. Railroad*, 24 Mo. App. 535; *Bank v. Overall*, 16 Mo. App. 510, 90 Mo. 410; *Rose v. Rubeling*, 24 Mo. App. 372; *Willis v. Stevens*, 24 Mo. App. 504; *Doty v. Steinberg*, 25 Mo. App. 334; *Maddox v. Ins. Co.*, 39 Mo. App. 204; *Harty v. Railroad*, 95 Mo. 372; *Little v. Macadaras*, 29 Mo. App. 335. (2) It is not admissible for an expert to give his opinion on a hypothetical case including matters of the existence of which there has been no evidence adduced in the case. Lawson on Expert and Opinion Evidence, p. ——; Rogers on Expert Testimony, p. 40; *Russ v. Railroad*, 112 Mo. 45; *State v. Meyers*, 99 Mo. 107; *Hurst v. Railroad*, 49 Iowa, 76; *Bomgardner v. Andrews*, 55 Iowa, 638; *Butler v. Ins. Co.*, 45 Iowa, 93; *State v. Anderson*, 10 Ore. 448; *Williams v. Brown*, 28 Ohio St. 547; *Goodwin v. State*, 96 Ind. 550; *Bishop v. Spining*, 38 Ind. 143; *Haish v. Payson*, 107 Ill. 365; *Hathaway v. National Ins. Co.*, 48 Vt. 336; *Frazier v. Jamison*, 42 Mich. 206–227; *Muldoney v. Railroad*, 39 Iowa, 615. (3) It is not competent for an expert to usurp the province of the jury and give his opinion as to the cause of the injury. Rogers on Expert and Opinion Evidence, p. 97; Lawson on Expert Testimony, p, 42; *Gutridge v. Railroad*, 94 Mo. 468; *Eubank v. Edina*, 88 Mo. 650.

*Garner & Walsh* for respondent.

(1) The error complained of in giving this instruction is that there was no evidence to warrant it. Witness states that he gave this notice to the police officer some three or four months prior to the injury received by the respondent. He gives the name of the police officer, but says he does not remember his number. We think the evidence amply sufficient to authorize the giving of the instruction and the submission of the question of fact to the jury. To authorize the giving of this instruction it was not necessary for defendant to introduce written evidence of the appointment of the police officer or his commission, or the order of the board of police commissioners appointing him, but the same could be established by parol evidence. *Wickersham v. Woodbeck*, 57 Mo. 59; *State v. Halcomb*, 86 Mo. 377. (2) The third reason urged by appellant is the admission of improper testimony, in this: that the hypothetical question propounded, and answered by Dr. Morrow, was improper in this, that it contained facts and symptoms not testified to. It is the privilege of the counsel to assume, within the limits of the evidence, any state of facts which he claims the evidence justifies. *William T. Filer v. Railroad*, 49 N. Y. 42; Lawson on Expert Evidence, p. 153; Rogers on Expert Testimony, p. 40, and cases cited; *Hornett v. Andrew J. Garnett*, 66 N. Y. 61; 7 Am. Encyclopædia, p. 514, and cases cited in footnote 5 of same page. The opinion of expert witnesses is allowed whenever the subject-matter of inquiry is such that inexperienced persons are not likely to form a correct judgment. *Muldowney v. Railroad*, 36 Iowa, 472; 1 Greenleaf on Evidence [14 Ed.], p. 531; 1 Wharton on Evidence, sec. 441; *Wolvine v. Beck*, 39 Mo. App. 496; *Johnson v. Moffett et al.*, 19 Mo. App. 159; *Strauss v. Railroad*,

86 Mo. 422; *Tingley et al. v. Cowgill et al.*, 48 Mo. 292.

ELLISON, J.—Plaintiff fell upon one of defendant's defective sidewalks and alleges that a serious injury resulted therefrom. She instituted the present action and obtained a verdict and judgment in the trial court. The city appeals.

There was testimony tending to show that plaintiff's ankle and knee were hurt to some extent by the fall; but the only phase of the accident which is in question by this appeal, relates to an injury alleged to have followed from a bruise or contusion on the right hip about ―――― inches above the hip joint. Plaintiff's theory of the case, as advanced at the trial, was that internal injury followed from this latter hurt, and among other things it caused an injury to the right ovary. While defendant's theory was that plaintiff's trouble arose not from the injury resulting from the fall, but from ovarian trouble common to women of plaintiff's age.

There was considerable evidence, known as expert testimony, introduced by plaintiff in support of her case; among this was the testimony of a physician who knew nothing of the plaintiff, her injury or accident, except as he learned it from a hypothetical question put to him. Counsel for defendant objected to the question and called attention to the fact that it embraced matters, as statement of facts, which were without evidence tending to prove them. The following is the question referred to, the portion in italics being the part objected to, viz: "I will ask you, doctor, to take the case of a woman over forty years of age, who had never been afflicted with anything in her life except pneumonia, that this woman was to receive a fall on a sidewalk or on any flat surface or jagged surface sufficient

to cause a contusion on her right side, or abdomen, before (*say that at the present time she is not suffering from any pain or incommodity on the left side*); say that the woman received the fall that I have described, and that she now suffers from *sharp pains* in her right side directly under where this contusion was subsequent to her injury, and that this pain immediately followed the injury *and has continued up to the present time* whenever she lifts anything *or walks any distance*. I will ask you, doctor, whether or not you would say this condition I have described was the result of that injury?"

We will dispose of the first part of the question objected to by saying that we think that there was evidence from which it sufficiently appeared inferentially that she was not suffering on the left side. We also think there was evidence tending to show that she suffered up to "the present time" (time of trial). But as to the second objection, while it is not so clear, yet we are of the opinion that there was no substantial error "materially affecting the merits of the action" and without this we ought not to disturb the judgment. Sec. 2303, Revised Statutes, 1889. We agree that in propounding a hypothetical question to an expert witness, it must be confined to the assumption of such facts as the evidence tends to prove. But we can discover no substantial difference between the tendency of the plaintiff's evidence and the facts assumed in the hypothetical question put to the expert witness, Doctor Morrow. Counsel have a right to assume all that the evidence may even *tend* to prove, and "the fact that counsel make an error in their assumption, does not render the question objectionable, if it is within the probable range of the evidence." Rogers on Expert Testimony [2 Ed.], sec. 27. Lawson on Expert Evidence, 222.

Now, there was considerable evidence at the trial of this case going to show that this plaintiff, from the day she was injured to the day of the trial, experienced much pain. It is true that the witnesses did not make use of the term *sharp* pain. But whether or not her pains were acute or dull was left an open question.

So, too, in the use of the words, "walks any distance," as likely to produce pain to the plaintiff, there was no substantial error. The testimony of the doctors who attended the plaintiff tend to prove that she would be likely to suffer pain by walking any considerable distance. When speaking of the plaintiff's condition Doctor Micheal said: "the effect that this condition has upon the patient during its continuance is, suffering with pain and inability for various kinds of work. She might be able to be on her feet a little, but at the same time be almost incapacitated for ordinary labor." And the plaintiff testified: "I feel the effects of the injury to my side at this time. It affects me if I go to lift anything, or when I go up stairs, or if I go to iron or scrub I can't do it. There is a pain or soreness." This evidence would tend to prove that when Mrs. Powers walked any distance pain would be produced.

There was objection to an instruction which submitted to the jury the question whether a policeman of defendant city had been notified or had knowledge of the condition of the walk. The objection was placed upon the statement that there was no evidence upon which to base it, in that there was no evidence that the policeman notified was a policeman of Kansas City. An examination of the record submitted, disclosing the circumstances and surroundings of the case as tried, has satisfied us that there was evidence from which the jury could draw a reasonable inference that the officer was a policeman of defendant city.

We have concluded, after a full consideration of the case, that there has been no substantial error committed which would justify our interference, and hence affirm the judgment. All concur.