WOODWARD et al. v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1903.)

No. 1,721.

1. OPINION EVIDENCE—HYPOTHETICAL QUESTION—ASSUMPTION ALLOWABLE.

A hypothetical question which assumes and fairly states the existence of any state of facts which the evidence directly and reasonably tends to establish or justify, and which does not assume facts beyond the range of the evidence and the legal presumptions in the case, may be properly asked and answered, although it does not assume every fact in the case.

(Syllabus by the Court.)

¶ 1. See Evidence, vol. 20, Cent. Dig. §§ 2370, 2371.

In Error to the Circuit Court of the United States for the District of Minnesota.

P. J. McLaughlin (F. W. Gail, on the brief), for plaintiffs in error.
F. W. Root, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This was an action against the Chicago, Milwaukee & St. Paul Railway Company for negligence in the construction and operation of one of its engines, which the plaintiffs alleged caused a fire that burned the barns of the plaintiff Woodward, which had been insured against fire by the plaintiff the St. Paul Fire & Marine Insurance Company. There was a verdict and judgment for the railway company.

At the trial the plaintiffs proved that the fire started, at a point 106 feet distant from the defendant's railroad track, a few minutes after one of its engines, drawing a passenger train, steamed along the track. The witnesses for the defendant testified that this engine was provided with the best appliances to arrest sparks and fire, that they were in good order, and that the engine was carefully and properly operated by competent servants when the fire was set. The defendant then called Mr. Johnson, a traveling engineer, who had been a locomotive engineer and a fireman, and he testified, in answer to questions propounded to him by counsel for the railway company: "If a spark should set a fire 106 feet away from the track when the wind was blowing strong, and when the combustible material at that point where the fire originated was very dry, I do not think that would be an indication that there was anything out of order with the engine or any of its appliances." Thereupon plaintiffs called Thomas Roope, the master mechanic of the Great Northern Railway Company, who had been a locomotive engineer and fireman, and asked him what would be indicated if a spark escaped from an engine equipped and operated as the defendant's witnesses had testified this engine was, when a high wind was blowing, and set a fire in combustible material 106 feet to the leeward of the track. Counsel for the defendant objected to this question because it did not include all the circumstances which the witnesses had testified conditioned the situation at the time the fire started, especially the circumstance that the appliances upon the engine for arresting sparks, fire, and coals were in good order at that time. The court sustained this objection, and rejected the testimony which the question was asked to elicit.

It is obvious that the purpose of this question was to draw from the witness evidence to the effect that the setting of a fire at a point 106 feet from the railroad track by a spark which had escaped from an engine under the circumstances specified in the question would indicate that the spark arrester of the locomotive was out of order, in contradiction of the testimony of the defendant's witness Johnson. It may be that if the defendant had contented itself with its proof of the character, condition, and operation of its engine, and had then objected that this testimony was immaterial because the defendant

had overcome the statutory presumption of negligence, and had conclusively proved that there were no defects in the engine and no negligence in its operation, that objection might have been properly sustained. Smith v. Railroad Co., 3 N. D. 17, 22, 53 N. W. 173; McTavish v. Railway Co. (N. D.) 79 N. W. 443, 446; Spaulding v. Railroad Co., 30 Wis. 110, 123, 11 Am. Rep. 550; Spaulding v. Railroad Co., 33 Wis. 582; Huber v. Railway Co., 6 Dak. 392, 43 N. W. 819; Koontz v. Navigation Co. (Or.) 23 Pac. 820; Railroad Co. v. Talbot, 78 Ky. 621; Railroad Co. v. Packwood, 7 Am. & Eng. Ry. Cas. 584; Railroad Co. v. Reese, 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 66. But the railroad company did not take this course. It introduced its expert, Johnson, and with his testimony opened the question and tendered the issue whether or not the setting of a fire 106 feet away from the railroad by a spark which escaped from the engine when the wind was blowing strong indicated that the engine's appliances for arresting sparks were out of order. When the defendant had tendered this issue the plaintiffs had the right to meet it, and to rebut, if they could, the evidence of the defendant's expert. Nor was the objection tenable that the plaintiffs could not ask their witness whether or not the setting of the fire by such a spark indicated that the spark arrester was out of order without first assuming that it was in order. The theory of the defendant was that the appliances for arresting sparks were in proper condition, and it had proved by its expert that the setting of the fire by the spark indicated nothing to the contrary. The theory of the plaintiffs was that these appliances were out of order, and they had the same right to prove by their witnesses that the setting of the fire by the spark indicated the correctness of their theory that the defendant had to prove that it gave no such indication. It is not necessary that a hypothetical question should state every fact presented in a case upon trial. Nor is a party required to confine his questions to his experts to the particular state of facts to which the witnesses for his opponent have testified where there is any contradictory evidence or presumption. He may frame his question upon the assumption that his own theory of the facts is correct, provided there is substantial evidence in the case or a legal presumption reasonably tending to sustain that theory.

A hypothetical question which assumes and fairly states the existence of any state of facts which the evidence directly and reasonably tends to establish or justify, and which does not assume facts beyond the range of the evidence, may be properly asked and answered, although it does not assume or state every fact in the case. Denver & R. G. R. Co. v. Roller, 100 Fed. 738, 754, 41 C. C. A. 22, 39, 49 L. R. A. 77; Railway Co. v. Wood, 113 Ind. 545, 554, 14 N. E. 572, and 16 N. E. 197; Stearns v. Field, 90 N. Y. 640; Powers v. Kansas City, 56 Mo. App. 573, 577; Meeker v. Meeker, 74 Iowa, 352, 357, 37 N. W. 773, 7 Am. St. Rep. 489; Bever v. Spangler, 93 Iowa, 576, 602, 61 N. W. 1072; Manatt v. Scott (Iowa) 76 N. W. 717, 720; Russ v. Railroad Co., 112 Mo. 45, 48, 20 S. W. 472, 18 L. R. A. 823; Fullerton v. Fordyce (Mo. Sup.) 44 S. W. 1053, 1056; Rog. Exp. Test. (2d Ed.) § 27; 8 Enc. Pl. & Prac. 757, 758. The question

propounded to the witness Roope fell fairly within this rule, and he should have been allowed to answer it.

The judgment below is accordingly reversed, and the case is remanded to the court below with instructions to grant a new trial.