# CHARLESTON

## NEELEY v. TOWN OF CAMERON.

Submitted January 31, 1911.    Decided October 22, 1912.

1. EVIDENCE—*Opinion Evidence—Amount of Damages.*

    In a personal injury case, an estimate of the damage is peculiarly for the jury from facts, data, and circumstances detailed by witnesses, and a mere opinion as to the amount of damages suffered is not admissible.  (p. 144).

2. APPEAL AND ERROR—*Review—Harmless Error—Admission of Evidence.*

    The admission of improper opinion evidence is not always ground for reversal.  If a statement of inference, conclusion, or judgment is accompanied by the facts on which it is based, error in admitting it is usually harmless, since the jury can judge of its probative value.  (p. 145).

3. SAME.

    Where the opinion of a witness, accompanied by the facts on which it is based, relates merely to the amount of damages suffered by personal injury, and it plainly appears that the jury acted on the facts and excluded the opinion in estimating the damages, the admission of the opinion will not call for reversal.  (p. 146).

4. SAME—*Instructions—Province of Court and Jury.*

    Though it is always good practice directly to predicate an instruction relating to facts on the belief of the jury "from the evidence," harm from failure to do so will not be presumed and reversal based thereon when it does not appear that the jury were misled thereby, their verdict being clearly within the evidence.  (p. 146).

Error to Circuit Court, Marshall County.

Action by S. B. Neeley against the Town of Cameron.  Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*McCamic & Clarke,* for plaintiff in error.

*Simpson & Showacre,* for defendant in error.

ROBINSON, JUDGE:

The Town of Cameron seeks to reverse a judgment recovered against it by Neeley, who sued for damages arising from personal injury caused by a defective street.

At the trial, plaintiff, a witness in his own behalf, was asked

to state how much he had been damaged by the injury. Over the objection of defendant, he was permitted to answer and stated that he thought he had been injured about five thousand dollars. Defendant insists that the testimony was inadmissible —that its admission calls for a reversal and new trial. Let us briefly consider the point.

In a personal injury case, an estimate of the damages is peculiarly for the jury from facts, data, and circumstances de- tailed by witnesses, and a mere opinion as to the amount of damages suffered is not admissible. The court should have sustained the objection to the question. Plaintiff had testified to the jury as to the character of his injury, the severity and duration of his pain and suffering, the loss of time from his occupation, and the amount of his expenditure for attention and cure. It was for the jury, not for himself or other witnesses, to say how much he was injured. The case is different from those in which this Court has sanctioned the admission of opinion evidence, such as *Hargreaves* v. *Kimberly,* 26 W. Va. 787; *Huralhal* v. *Boom & Manf. Co.,* 65 W. Va. 346; *Kunst* v. *City of Grafton,* 67 W. Va. 20. The reasons given for the ad- mission of opinion evidence in cases like those do not generally apply to proof of damages for personal injury. Besides, the element of pain and suffering, at the least, is a distinguishing feature. Human judgment is not so safely in accord in regard to that element of damages as it is in regard to such things as rental value, depreciation in land, and other commercial mat- ters, which have a familiar standard in every community. The same is true as to a permanently crippled part of the body. At wide variance would different witnesses value the loss. Each one would assume his own standard since every day knowledge and experience, tending to a general standard, can not guide him.

But the admission of improper opinion evidence, is not al- ways ground for reversal. "If a statement of inference, con- clusion, or judgment is accompanied by an enumeration of facts on which it is based, the error, if any, is usaully harmless; as the jury can estimate the true probative value of the state- ment. Thus, where a witness states, merely by way of summary or introduction, his mental induction or deduction from facts

which he gives in detail, the error does not furnish cause for reversing a judgment." 17 Cyc 60. In this connection it has been stated: "Harm cannot be predicated of an opinion which goes no further than the witness has just presented of his own knowledge in the nature of actual demonstration." *Brown* v. *Town of Swanton,* 69 Vt. 53.

In the case before us, plaintiff had given to the jury an enumeration of the facts on which he based the opinion he gave. The jury were, therefore, enabled to say to what extent the opinion was worth consideration. Indeed it appears that the jury gave it no consideration; for, from the same facts and circumstances on which plaintiff said he was injured five thousand dollars, they found that he was injured only in the sum of four hundred and six dollars and twenty-five cents.

It must be observed that this improper opinion evidence related not to the establishment of the right to recover, but merely to the estimate of damages. The jury have said from much competent evidence that plaintiff had the right to recover. The error does not pertain to the finding of that right. It must be dealt with solely in relation to the finding as to the amount of damages. The unquestioned facts before the jury showed that he was entitled to the amount found, if entitled at all. Then, can we say that the error in admitting this opinion evidence harmed defendant so as to demand a reversal? Certainly not. It plainly appears that the jury acted on the facts—not on the opinion of plaintiff—that they found for plaintiff only such an amount as the facts warranted and not such an amount as he claimed in his testimony. It seems clear that if the improper evidence had been excluded, the result would have been the same. Since the jury found only a little over four hundred dollars which the facts justify, it is plain that they were controlled by the facts and gave no weight to the plaintiff's opinion in relation to five thousand dollars. Defendant was not prejudiced in point of fact by the improper ruling. Principles enunciated in *Hall* v. *Lyons,* 29 W. Va. 410, *Taylor* v. *Railroad Co.,* 33 W. Va. 39, and other cases, are applicable here.

Defendant submits that one of the instructions given for plaintiff was improper because it did not directly say to the jury that they must be governed by the evidence. It is always good

practice to predicate instructions on the belief of the jury "from the evidence." There is authority saying that instructions not so predicated are bad. But certainly it goes far in technicality to say that jurors must always be told to act on the evidence. Jurors know that they must rely on the evidence as a basis of their finding, even when not directly reminded in that particular. The following quotation is pertinent: "The objection made to the plaintiff's prayers, that they do not say that 'the jury must find from the evidence' is hypercritical. All instructions are based on the evidence; and the jury are told that if they find, which means, without possible chance of misleading, that, if the evidence convinces them of the state of facts set out in the prayer, then they must find for the plaintiff." *Blumhart* v. *Rohr,* 70 Md. 328. The instruction before us relates to the elements of damages that the jury may consider. Instructions similar to the one in question, with the omission of a clause predicating that the jury shall believe from the evidence, have been approved by this Court. *Riley* v. *Railroad Co.,* 27 W. Va. 151; *Evans* v. *Huntington,* 37 W. Va. 601. This instruction is one telling the jury that, if they find for the plaintiff, they may consider certain proper elements in estimating the damages and award him such sum as in their judgment will compensate him for the injuries which they find are the natural and direct result of the negligence complained of. It is argued that the jury were left free to depart from the evidence. We do not think so. The elements of damages mentioned in the instruction are merely those which from the evidence related to the case. Fairly construed, the instruction limited a finding under it to the evidence. Other instructions given in the case relating to finding on the main issue of negligence or no negligence were directly predicated on the belief of the jury "from the evidence." We shall not indulge the presumption that because of this one instruction the jury ran at large in considering their verdict. It is not reasonable to do so. Moreover, the finding of the jury is within the evidence. It clearly appears from the record that the jury did not go beyond the evidence in any particular—that they were not misled. If the instruction was erroneous, it affirmatively appears that it did no harm.

The other points submitted for reversal are not tenable. They

involve no novel propositions of law and do not demand definite discussion. Except as to the harmless error which has been referred to, the case was fairly tried and submitted to the jury. The evidence sustains the verdict. The judgment must be affirmed.

*Affirmed.*