### LINKOUS v. VIRGINIAN RY. CO.

(Circuit Court of Appeals, Fourth Circuit. June 2, 1917.)

#### No. 1522.

APPEAL AND ERROR ⬲1099(8)—LAW OF THE CASE—QUESTIONS FOR JURY.
  Where an action was tried the second time upon the same evidence as that of a former trial, the holding on a former appeal that verdict for defendant should have been directed is the law of the case, and the court will not disturb its former judgment.

In Error to the District Court of the United States for the Western District of Virginia, at Roanoke; Henry Clay McDowell, Judge.

Action by Daisy M. Linkous, administratrix of J. M. Linkous, deceased, against the Virginian Railway Company. Judgment for defendant on a directed verdict, and plaintiff brings error. Affirmed.

See, also, 235 Fed. 49; 230 Fed. 88.

W. L. Welborn, of Roanoke, Va. (S. H. Hoge and Welborn & Jamison, all of Roanoke, Va., on the brief), for plaintiff in error.

H. T. Hall, of Roanoke, Va., and G. A. Wingfield, of Norfolk, Va. (Hall & Apperson, of Roanoke, Va., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This case was brought here by writ of error at the November term, 1915; the lower court having rendered judgment based on a verdict of the jury in favor of the plaintiff below. This court reversed the judgment, holding that the lower court, upon the whole evidence, should have directed the jury to return a verdict in favor of the defendant. A new trial was granted, and the case was remanded to the court below for further proceedings. The case was heard upon the same evidence as that of the former trial. The learned judge directed a verdict in favor of the defendant in pursuance of the rule announced by this court.

Counsel for plaintiff below insist:

"That the former judgment of this court should be reviewed, reversed, and annulled, and that the judgment in favor of this plaintiff in error in the District Court on first trial for the sum of $8,541 should be affirmed, with interest and costs."

This question has been decided adversely to the contention of plaintiff in error in numerous cases. In the case of Roberts v. Cooper, 20

---

⬲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

How. 467, 15 L. Ed. 969, the Supreme Court, in referring to this point, said:

"* * * We cannot be compelled on a second writ of error in the same case to review our own decision on the first. It has been settled by the decisions of this court that after a case has been brought here and decided, and a mandate issued to the court below. if a second writ of error is sued out, it brings up for revision nothing but the proceedings subsequent to the mandate. None of the questions which were before the court on the first writ of error can be reheard or examined upon the second. To allow a second writ of error or appeal to a court of last resort on the same questions which were open to dispute on the first would lead to endless litigation. In chancery, a bill of review is sometimes allowed on petition to the court; but there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate of chances from changes in its members. * * * We can now notice, therefore, only such errors as are alleged to have occurred in the decisions of questions which were peculiar to the second trial."

Also, in the case of Woodruff v. Yazoo & M. V. R. Co., 222 Fed. 29, 137 C. C. A. 567, the Circuit Court of Appeals for the Fifth Circuit, in referring to a ruling of that court when a case was there on a former hearing, said:

"The foregoing ruling of the court must stand as the law of the case upon the present hearing, since it is well settled 'that whatever has been decided here on one writ of error cannot be re-examined on a subsequent writ brought in the same suit.' Clark v. Keith. 106 U. S. 465, 1 Sup. Ct. 568, 27 L. Ed. 302; Supervisors v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Bell v. Arledge, 219 Fed. (C. C. A. 5th Cir.) 675, 135 C. C. A. 347, citing numerous authorities."

The following cases are to the same effect: Martin v. Hunter, 1 Wheat. 304, 4 L. Ed. 97; Browder v. McArthur, 7 Wheat. 58, 5 L. Ed. 397; Chaires v. United States, 3 How. 611, 11 L. Ed. 749; Corning v. Troy Iron and Nail Factory, 15 How. 451, 14 L. Ed. 768; Stewart v. Salamon, 97 U. S. 361, 24 L. Ed. 1044; Granite Brick Co. v. Titus, 226 Fed. 557, 141 C. C. A. 313; Thompson v. Maxwell Land Grant & R. Co., 168 U. S. 451, 18 Sup. Ct. 121, 42 L. Ed. 539.

Our decision when the case was here before became the law of the case, and, there being no additional facts adduced at the last trial, this court declines to disturb its former judgment.

The only other question presented in the brief relates to the admissibility of the evidence that plaintiff below had married since the former trial. Under the circumstances, this question is not now material.

For the reasons stated in the opinion filed at the former hearing (Virginian Ry. Co. v. Linkous, 235 Fed. 49, 148 C. C. A. 543), the judgment of the lower court is affirmed.

WOODS, Circuit Judge. While I adhere to the views expressed in the dissenting opinion when this case was here before, I concur in the view that the judgment rendered by the District Court on the second hearing must be affirmed on the authority of the judgment rendered by this court.