## FIRST NAT. BANK OF OXFORD v. OLD DOMINION TRUST CO. et al.

(Circuit Court of Appeals, Fourth Circuit.   October 21, 1922.)

### No. 1982.

Appeal and error ⟜1099(1)—Ruling on prior appeal held law of case.

A motion to dismiss bill of complaint was sustained on ground that a trust company complainant, appointed the curator of an estate, was without authority to sue in another jurisdiction, and the decree was reversed on a contrary holding, and the cause remanded. *Held*, on appeal from decree for complainant after trial, that the decision on former appeal on the curator's right to sue was conclusive, where the evidence on the trial established the allegations of the bill.

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Raleigh;  Henry G. Connor, Judge.

Suit by the Old Dominion Trust Company against the First National Bank of Oxford and others.   From a decree for complainant, the named defendant appeals.   Affirmed.

See, also, 252 Fed. 613, 260 Fed. 22, 171 C. C. A. 58.

T. T. Hicks, of Henderson, N. C., and Wyndham R. Meredith, of Richmond, Va. (Hicks & Stem, of Oxford, N. C., on the brief), for appellant.

H. M. Smith, Jr., and S. S. P. Patteson, both of Richmond, Va., for appellees.

Before KNAPP and WOODS, Circuit Judges, and GRONER, District Judge.

KNAPP, Circuit Judge.   The transactions which gave rise to this litigation are fully set forth in the opinion of this court on a former appeal.   Old Dominion Trust Co. v. First National Bank of Oxford, 260 Fed. 22, 171 C. C. A. 58.   The case was then heard on the bill of complaint and motion to dismiss, which the trial court had sustained, on the ground that the Trust Company, appointed under the laws of Virginia curator of the estate of one Gooch, was without authority to sue in another jurisdiction.   Holding the contrary, for reasons stated, we reversed the decree and remanded the cause for further proceedings not inconsistent with our opinion.   Petition for rehearing was later denied.   Subsequently defendant filed an answer, and a trial followed.   Applying the rule of law laid down by us, the trial court entered a decree for complainant, from which the present appeal is taken.

In his decision, which details the facts and states at length the contentions of defendant, the learned judge says, in summing up the evidence upon the vital question:

"Plaintiff insists that, however this may be, it is not open to defendant to litigate the question in this court; that by the decision of the Circuit Court of Appeals and the opinion of the court it is foreclosed that the right of the curator to maintain the suit, either in its representative or its corporate capacity, is settled as 'the law of the case.'   Without entering into that debatable land, it is sufficient to say that the motion to dismiss the bill involved

and rendered necessary the decision of the question whether plaintiff upon the facts stated in its bill had a right of action of which this court had jurisdiction. The question was presented and decided by the court. I am unable to find any facts relevant to the decision of the question, disclosed upon the final hearing, differing from those stated in the bill. I have no purpose, nor do I think it proper, to treat the question as open for review by this court."

Careful examination of the record convinces us that no other conclusion could reasonably be reached. The facts alleged in the bill were not changed, but rather established, in every material aspect, by the evidence adduced at the trial. It follows, of course, that the question on final hearing was the same as that presented by the motion to dismiss; and that question has been definitely decided by this court. The decree appealed from is in accordance with our decision, and the argument for reversal is but a repetition of the argument which we have twice rejected. It is enough to say that we adhere to the views expressed in the former opinion, and nothing would be gained by further discussion.

Affirmed.