## DUNAGAN v. APPALACHIAN POWER CO.

Circuit Court of Appeals, Fourth Circuit.
July 1, 1929.

No. 2807.

William H. Werth, of Tazewell, Va., for appellant.

Robert E. Scott, of Richmond, Va., and George Richardson, Jr., of Bluefield, W. Va., for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. This is the third appeal by the plaintiff, Ellen Mary Dunagan, administratrix of Emery Dunagan, deceased, from a verdict and judgment in favor of the Appalachian Power Company. On the first appeal we awarded a new trial because the judge below directed a verdict for defendant, whereas we thought that as the record then stood there was sufficient evidence of negligence to take the case to the jury, and that the evidence of contributory negligence was not so conclusive as to warrant the direction of a verdict. Dunagan v. Appalachian Power Co. (C. C. A.) 11 F. (2d) 65. On the second appeal we awarded a new trial because of error in two instructions, one of which wrongly placed the burden of proof on plaintiff to show decedent not guilty of contributory negligence, and the other made decedent's right to throw an electric switch to protect the property of his employer depend upon whether in doing so

he was acting within the scope of his duties. Dunagan v. Appalachian Power Co. (C. C. A.) 23 F.(2d) 395. The third trial was had in strict accord with the law as laid down in our former opinions, and resulted in another verdict for defendant, from the judgment on which plaintiff has appealed and now asks that the case be sent back for a fourth trial.

The action was instituted to recover damages for the death of one Emery Dunagan, who was killed by coming in contact with the electric current escaping from one of defendant's power lines. There was much doubt as to the manner, as well as the cause, of Dunagan's death; but, in the absence of explanation, we thought that the facts shown by the plaintiff were sufficient to take the case to the jury. They are set forth fully in the former opinions, and need not be repeated here. On this appeal, plaintiff places reliance principally upon three points, viz.: (1) That there was error in admitting certain expert testimony bearing upon whether proper precautions were taken by the employees of defendant at one of its substations to discover and correct the dangerous conditions on its line; (2) that there was error in admitting the testimony of these experts as to what was customary in the inspection of power lines; and (3) that there was error in giving defendant's ninth prayer for instructions, which is criticized as making due care in inspection depend upon the custom of other companies.

█ The first point relates to the testimony of experts as to what is indicated by the throwing of an electric circuit breaker, and what is the proper course for the employee in charge to pursue when it is thrown. The witnesses testified at length with regard to this; and, basing their opinions on the testimony of witnesses which they had heard, they testified also that the throwing of the circuit breaker at the substation of defendant was not significant, and that what the employees did in connection therewith was proper. Plaintiff argues that the admission of this testimony was error, because the witnesses were allowed to base their opinions upon testimony which they had heard instead of upon a hypothesis presented in a proper hypothetical question, to give opinions upon ultimate facts which were questions for the jury, and to base their opinions upon the testimony of certain witnesses instead of upon all of the evidence in the case.

We agree with counsel for plaintiff that the questions were not in proper form, but we do not think that plaintiff was in any way prejudiced thereby. It is well settled that, in the examination of experts as to matters which they have not themselves observed, testimony as to their opinions should be predicated upon hypothetical statements propounded in proper questions, not upon the testimony of other witnesses whom they have heard testify. Dexter v. Hall, 15 Wall. 9, 21 L. Ed. 73; Manufacturers' Accident Indemnity Co. v. Dorgan (C. C. A. 6th) 58 F. 945, 22 L. R. A. 620; 11 R. C. L. 581. And, of course, whether due care was used by the employees in the particular case was a question for the jury and not for expert witnesses. 11 R. C. L. 617. It appears, however, that the witnesses did not merely give their opinions and stop there. They testified in great detail as to the nature of the circuit breaker, what its "flying out" indicated, and what should be done upon such an occasion, and why. In other words, they gave all of the facts upon which their opinions were based so completely that the jury could judge of their weight as well as if they had been based upon hypotheses embraced in proper questions. Under these circumstances, there can be no question that the error was harmless. Castner Electrolytic Alkali Co. v. Davies (C. C. A. 2d) 154 F. 938, 942; Neeley v. Town of Cameron, 71 W. Va. 144, 75 S. E. 113.

█ And it was no ground of objection to the expert testimony that it was based solely upon the facts as testified by certain witnesses for defendant, ignoring the other testimony in the case. In the first place, these witnesses were the only ones who testified as to the behavior of the circuit breaker. In the second place, it is no objection to the testimony of an expert that it is based upon facts as contended by one of the parties; for the other party by cross-examination may show that other facts deemed pertinent have not been considered or that a consideration of such other facts would alter his opinion. 11 R. C. L. 580; Denver & R. G. R. Co. v. Roller (C. C. A. 9th) 100 F. 738, 754, 49 L. R. A. 77; Swensen v. Bender (C. C. A. 9th) 114 F. 1, 6; Woodward v. Chicago, M. & St. P. Ry. Co. (C. C. A. 8th) 122 F. 66; Kerr v. Lunsford, 31 W. Va. 659, 8 S. E. 493, 500, 2 L. R. A. 668; note, 18 Ann. Cas. 646.

█ The second point relates to the testimony of the experts regarding the inspection of the power lines of defendant. So far as this objection goes to the fact that their opinion was based upon the testimony of witnesses instead of a hypothetical state of facts, it is answered by what we have said with regard to the same matter in discussing the first point. Objection was also

made to certain testimony of these witnesses as to the custom of other companies in making inspection; but this testimony was clearly competent. It is true that the question of the exercise of due care is not to be determined solely with reference to the custom of other companies, but evidence as to such custom is certainly competent for consideration by the jury upon that question. Texas & Pacific Ry. Co. v. Behymer, 189 U. S. 468, 23 S. Ct. 622, 47 L. Ed. 905; Southern Ry. Co. v. Miller (C. C. A. 4th) 267 F. 376, 380; Owl Creek Coal Co. v. Goleb (C. C. A. 8th) 210 F. 209; Chicago Great Western Railway Co. v. Minneapolis, etc., R. Co. (C. C. A. 8th) 176 F. 237, 20 Ann. Cas. 1200; note, 20 Ann. Cas. 1205. ██ The third point is addressed to the giving by the court of defendant's ninth prayer for instructions, as follows:

"If the jury believes from the evidence that the lines of the power company were properly constructed, of the proper materials, were properly inspected in accordance with the practice in such cases usually followed by those engaged in the business of the maintenance and operation of high tension electric lines such as appears in the evidence in this case; that the power house from which electric current passed onto the said line was equipped with the usual modern appliances in known practical use; that within a reasonable time after such appliances indicated trouble on the line reasonably prudent steps were taken to ascertain where the trouble was, and to correct the same, then the defendant company was not guilty of negligence and there can be no recovery."

The contention of counsel for plaintiff is that this instruction makes the custom of other companies the test of due care in inspection of defendant's lines. We do not think, however, that the jury could have received this idea from the charge when it is considered as a whole; for at another place the court, at the request of plaintiff, gave the following instruction:

"The Court instructs the jury that the law recognizes electricity of high voltage as an element of very great potential danger to life and property, and imposes upon persons engaged in its generation and transmission the duty to use a degree of care, diligence, and foresight in proportion to the danger involved. The performance of this duty requires: (1) The installation and use of such devices and safeguards as are in established and practical use in the business for the protection of life and property; (2) The exercise of reasonable care commensurate with the danger in maintaining such devices, wires, insulators, poles, and other equipment carrying such current in such condition as to function properly without danger to life or property; (3) *The thorough inspection of such devices and equipment at such times as reasonable care in view of the danger may require;* (4) That its employés in charge of the operation of its devices and equipment exercise reasonable care to discover any dangerous condition which may arise, and after such condition has been, or should have been, discovered, to immediately take all reasonable precaution to prevent injury to such persons or property as may be endangered thereby." (Italics ours.)

██ But there is another and even stronger reason why the instruction complained of cannot be held for reversible error, even if we give it the construction for which plaintiff contends. There was no evidence upon which to base a contention that the exercise of due care in the matter of inspection required anything in addition to what was shown to be customary, and there was not even an allegation that the defendant was negligent in the matter of inspection. It is true that the test of due care is not custom or usage, but what reasonable prudence would require under the circumstances; but, as said by Judge Knapp, speaking for this court, in the case of Southern R. Co. v. Miller, supra, "Evidence of custom is always competent and often highly persuasive." And, in the absence of any evidence tending to show that the custom followed by others in the business did not involve reasonable care, or of evidence upon which to base a conclusion that reasonable prudence would have suggested additional precautions, it should not be held for reversible error that the court adopted what was customary as the standard. See 45 C. J. 706, 707, and Ketterer v. Armour & Co. (C. C. A. 2d) 247 F. 921, 931, L. R. A. 1918D, 798. If there was nothing upon which to base a conclusion that reasonable prudence required anything more than the customary inspection, plaintiff could not have been injured by an instruction that defendant was required to make that which was customary. Instructions must be considered, not in vacuo, but in connection with the evidence to which they relate, and it is well settled that error in an instruction is not ground for reversal when the interests of the complaining party have not been prejudiced thereby. 4 C. J. 1029; Chicago, etc., R.

Co. v. Ward, 252 U. S. 18, 22, 40 S. Ct. 275, 64 L. Ed. 430; City of San Juan v. St. John's Gas Co., 195 U. S. 510, 520, 25 S. Ct. 108, 49 L. Ed. 299, 1 Ann. Cas. 796; Dye v. U. S. (C. C. A. 4th) 262 F. 6.

Most of the other points raised by plaintiff's assignments of error relate to the refusal of prayers for instruction. Eleven of these prayers were refused, a number of which were obviously unsound, and plaintiff's only exception to their refusal is as follows:

"And to the action of the court in refusing to give to the jury any of plaintiff's instructions, except Nos. 4 and 6, plaintiff by counsel duly excepted, as well as to its action in giving to the jury defendant's instructions Nos. 7 and 9, and its action in charging the jury orally in the particulars as herein before set out."

This is not a sufficient exception to compel an examination of each separate instruction. If any one of those refused was unsound, an exception to the refusal to charge the series cannot be maintained. Baker v. U. S. (C. C. A. 4th) 21 F.(2d) 903, 906; Thiede v. Utah, 159 U. S. 510, 16 S. Ct. 62, 40 L. Ed. 237. In the latter case Mr. Justice Brewer laid down the rule applicable in the following language:

"It appears that at the close of the testimony the defendant presented a body of instructions in twenty-two paragraphs, and asked the court to give them to the jury. They were marked 'refused as a whole, except as given,' and the only exception to such refusal was in this language: 'The defendant excepts to the refusal of the court to give the instructions requested by the defendant, being numbered 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, and 21.' Such an exception is insufficient to compel an examination of each separate instruction. It is enough that any one of the series is erroneous. In Beaver v. Taylor, 93 U. S. 46, 54 [23 L. Ed. 797] this precise question was presented, and the court said: 'The entire series of propositions was presented as one request; and, if any one proposition was unsound, an exception to a refusal to charge the series cannot be maintained.' * * * 'It is not the duty of a judge at the Circuit Court, or of any appellate court, to analyze and compare the requests and the charge, to discover what are the portions thus excepted to.

One object of an exception is to call the attention of the Circuit Judge to the precise point as to which it is supposed [that] he has erred, that he may then and there consider it, and give new and different instructions to the jury, if in his judgment it should be proper to do so.' "

We think that the charge of the court fully covered the case and fairly presented to the jury every principle of law which appellant was entitled to urge. We have carefully examined each and every one of the assignments of error, whether discussed here or not, and there is nothing in any of them which in our opinion would justify the awarding of a new trial.

Affirmed.

WADDILL, Circuit Judge (dissenting). I find myself unable to concur with the majority of the court in this case, and dissent therefrom for the following reasons:

First. As stated in the majority opinion, this case has been three times before this court on appeal from the decision of the District Court, the plaintiff appealing in each instance. From my view of the case, the law thereof is settled by the first decision of this court (11 F.(2d) 65), that, in the absence of a substantial change in the testimony, this court is controlled by its decision on the first appeal. I cannot bring myself to the conclusion that there is such new material evidence as warrants a departure from this rule. Linkous v. Virginian Ry. Co. (C. C. A. 4th) 242 F. 916, certiorari denied 245 U. S. 649, 38 S. Ct. 10, 62 L. Ed. 530; First National Bank of Oxford v. Old Dominion Trust Co. (C. C. A. 4th) 284 F. 128; Priester v. Southern Ry. Co. (C. C. A. 4th) 6 F.(2d) 878; Thompson v. Maxwell Land-Grant & R. Co., 168 U. S. 456, 18 S. Ct. 121, 42 L. Ed. 539; Illinois v. Illinois Central R. Co., 184 U. S. 77, 91 to 93, 22 S. Ct. 300, 46 L. Ed. 440; Messinger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152.

Second. That the instruction No. 9, referred to in the majority opinion, with respect to the custom of others, as bearing upon the degree of care to be exercised by the defendant in the circumstances here, is erroneous; and

Third. That giving said instruction constituted error prejudicial to the plaintiff.