**VIRGINIA BEACH BUS LINE v. CAMP-
BELL.**
No. 3613.

Circuit Court of Appeals, Fourth Circuit.
Oct. 2, 1934.

John W. Hester, of Washington, D. C., and C. E. Thompson, of Elizabeth City, N. C. (J. Kenyon Wilson, of Elizabeth City, N. C., on the brief), for appellant.

W. H. Oakey, Jr., of Hertford, N. C., and P. W. McMullan, of Elizabeth City, N. C. (J. B. McMullan, of Elizabeth City, N. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and WAY, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law brought in the superior court of Perquimans county, N. C., in December, 1931, by the appellee, herein referred to as the plaintiff, against the appellant, herein referred to as the defendant. The cause was removed by the defendant to the District Court of the United States for the Eastern District of North Carolina. The action was originally brought against the defendant and the Norfolk Southern Railroad Company as joint tort-feasors. On May 22, 1933, the cause was heard as to the Norfolk Southern Railroad Company, and judgment given for the railroad. From this judgment no appeal was taken. On May 25, 1933, the cause was tried as to the defendant, the appellant here. After the hearing of evidence the cause was submitted to the jury upon certain issues which were answered as follows:

"1st. Was the plaintiff injured by the negligence of the defendant, Virginia Beach Bus Line, as alleged? Answer: Yes.

"2nd. Was such negligence willful and wanton, as alleged? Answer: Yes.

"3rd. Was the plaintiff, at the time of such injury, a passenger for hire upon the bus of said defendant, Virginia Beach Bus Line, as alleged? Answer: Yes.

"4th. Did the plaintiff execute to the defendant, Virginia Beach Bus Line, a release, as alleged? Answer: Yes.

"5th. If so, was the execution of such release procured by fraud or misrepresentation, as alleged? Answer: Yes.

"6th. What damages, if any, is plaintiff entitled to recover? Answer: $8,645.00."

Upon this finding of the jury, judgment was entered in favor of the plaintiff in the amount found by the jury, from which judgment this appeal was brought.

It is urged on behalf of the defendant that there was error in the trial below: (1) In permitting the fact that the defendant had insurance to be brought to the attention of the jury; (2) in not adjudging the action abated after the judgment was rendered in favor of one of the defendants, Norfolk Southern Railroad Company; (3) in admitting the testimony of Dr. McMullan, the expert witness, and in refusing defendant's prayer based upon said testimony; (4) in refusing to set aside the verdict on the second issue; (5 and 6) in permitting the plaintiff to recover when she was riding on a pass alleged to have been issued in violation of the law; (7) in holding that there was sufficient evidence of fraud on the part of the defendant to vitiate a covenant not to sue, signed by the plaintiff and introduced in the trial of the case; and (8) that there was an abuse of discretion by the trial judge that entitled defendant to a new trial.

On the first point raised on behalf of the defendant, we are of the opinion that in view of the fact that the agreement not to sue was first brought into the case by the defendant's answer, it was relevant and proper that the plaintiff should show in her reply that the man who secured the agreement was the representative or adjuster of an insurance company, and that her testimony with respect to that fact was also proper. The defendant could not bring this written agreement not to sue into the case without bringing with it all the circumstances surrounding its procurement. In addition to this, the law of North Carolina requires bus lines to carry insurance (North Carolina Code 1931, § 2613 (o), and this was a matter of common knowledge.

The fact that there was a judgment as to one of the codefendants in no way affected the issues presented here between the plaintiff and the defendant. There was no objection on behalf of the defendant to the judgment in favor of the railroad company, and no appeal was taken from that judgment. In Brown v. Railroad, 188 N. C. 52, 123 S. E. 633, 636, the court said: "As we understand the argument, however, it is insisted for appellant that, the board of aldermen having been exonerated by verdict and judgment, the railroad is thereby relieved on account of an alleged privity between them; * * * but, in our opinion, neither proposition can be

maintained. As to the first, the default imputed here is for a pronounced breach of public duty willfully and knowingly committed and constitutes a tort; true, in certain instances the tort may be waived and the injured party be allowed to sue in contract, but the breach of duty is none the less a tort for which any and all the participants may be held severally liable for the whole amount, and under these circumstances there is no such privity recognized as will render the exoneration of one a protection to the other."

See, also, Raulf v. Elizabeth City Light & Power Company, 176 N. C. 691, 97 S. E. 236; Ballinger v. Thomas, 195 N. C. 517, 142 S. E. 761. Compare Guthrie v. City of Durham, 168 N. C. 573, 84 S. E. 859; Bowman v. City of Greensboro, 190 N. C. 611, 130 S. E. 502.

▪ As to the testimony of the medical expert, the record discloses that the hypothetical question propounded to him might have been better framed and more specific as to detail, and that it omitted any reference to some of the facts brought out by the evidence. Counsel should have presented their views on cross-examination and thus shown that a consideration of all the facts would alter the opinion of the witness. 11 R. C. L. 580; Dunagan v. Appalachian Power Company (C. C. A.) 33 F.(2d) 876, 68 A. L. R. 1393. A hypothetical question is not objectionable when based on evidence merely because one matter in evidence is not fully developed. The weight which this matter may have had on the opinion of the witness can be tested by cross-examination and questions propounded eliminating from consideration the matter which is thought not to have been sufficiently proved. As said by Judge Hawley in Denver & R. G. R. Co. v. Roller (C. C. A.) 100 F. 738, 754, 49 L. R. A. 77: "It would be reversible error to admit the answer of expert witnesses to hypothetical questions which assume the existence of facts upon which no evidence is offered. But when the question assumes the existence of any state of facts which the evidence directly, fairly, and reasonably tends to establish or justify, and does not transcend the range of evidence, it is proper to permit such questions to be answered, and it is not necessary that the questions shall embrace or cover all the facts in the case."

The same judge in Swensen v. Bender (C. C. A.) 114 F. 1, 6, thus states the rule: "The objection to this question was that, 'It was based upon facts not in evidence, and upon a hypothetical nervous condition subsequent to the accident of which there was no evidence.' This objection was properly overruled. There was testimony offered upon every fact specified in the question. It is always proper to permit such questions to be answered, and it is not, as a general rule, necessary that the questions should embrace or cover all the facts of the case."

In Woodward v. Chicago, M. & St. P. R. Company (C. C. A.) 122 F. 66, 68, the late Judge Walter H. Sanborn said: "A hypothetical question which assumes and fairly states the existence of any state of facts which the evidence directly and reasonably tends to establish or justify, and which does not assume facts beyond the range of the evidence, may be properly asked and answered, although it does not assume or state every fact in the case."

▪ See, also, opinion of Judge Rogers in Napier v. Greenzweig (C. C. A.) 256 F. 196, 203, where the rule as above stated is approved, and it is said that "what facts a hypothetical question must cover are to be determined by the sound discretion of the trial judge." The allowance of a question certainly could not be held an abuse of discretion where it embodied the facts in testimony, merely because the evidence as to some of these facts was not as full as it might have been. It was for the witness and not for the judge to determine whether upon the facts stated he could express a scientific opinion; the weight of that opinion being for the jury.

▪ The admissibility of the evidence is sustained by the North Carolina cases of Dempster v. Fite, 203 N. C. 697, 167 S. E. 33; Martin v. P. H. Hanes Knitting Company, 189 N. C. 644, 127 S. E. 688; Parrish v. R. Co., 146 N. C. 125, 59 S. E. 348. And we are governed by the state decisions as to the admissibility of evidence in civil cases at law. Standard Oil Co. v. Cates (C. C. A.) 28 F.(2d) 718.

The federal rule, on this point, seems to be in accord with the rule in North Carolina. Eastern Transportation Line v. Patrick F. Hope, 95 U. S. 297, 24 L. Ed. 477; Union Insurance Co. v. Smith, 124 U. S. 405, 8 S. Ct. 534, 31 L. Ed. 497; McGowan v. American Pressed Tan Bark Co., 121 U. S. 575, 7 S. Ct. 1315, 30 L. Ed. 1027; Texas & Pacific R. Co. v. Watson, 190 U. S. 287, 23 S. Ct. 681, 47 L. Ed. 1057; Cropper v. Titanium Pigment Company (C. C. A.) 47 F.(2d) 1038, 78 A. L. R. 737; Illinois Power & Light Corporation v. Hurley (C. C. A.) 49 F.(2d) 681.

But there is another reason why the admission of these hypothetical questions and answers cannot be held as error. The defendant did not, in objecting to them, state any ground of objection. This express point was decided by us in a case involving hypothetical questions; and we refused a new trial, although holding the questions improper. U. S. v. Sauls (C. C. A.) 65 F.(2d) 886, 887. In that case we said: "But the government did not preserve its rights on objection to these questions by stating the grounds of the objection. This is required by the practice in the federal courts so that the court may make its ruling understandingly and the party offering the evidence may, if he can, so reframe the question as to obviate the ground of objection. 3 C. J. 746; Camden v. Doremus, 3 How. 515, 11 L. Ed. 705; Burton v. Driggs, 20 Wall. 125, 133, 22 L. Ed. 299; R. D. Cole Manufacturing Co. v. Mendenhall (C. C. A. 4th) 240 F. 641; Continental Insurance Co. v. Fortner (C. C. A. 6) 25 F.(2d) 398."

There was sufficient evidence to support the finding of the jury upon the second issue. The negligence of plaintiff in operating the bus at a rate of from 55 to 60 miles per hour over a dangerous railroad crossing was clearly willful and wanton negligence. Foster v. Hyman, 197 N. C. 189, 148 S. E. 36; Everett v. Receivers, 121 N. C. 519, 27 S. E. 991; New York Cent. R. Co. v. Mohney, 252 U. S. 152, 40 S. Ct. 287, 64 L. Ed. 502, 9 A. L. R. 496; Philadelphia & R. R. Co. v. Derby, 14 How. 468, 14 L. Ed. 502; Doyle v. Fitchburg R. Co., 162 Mass. 66, 37 N. E. 770, 25 L. R. A. 157, 44 Am. St. Rep. 335, and see note 7 A. L. R. 852. And in such cases, even under the rule followed in the federal courts, the provisions of the pass do not protect against liability. New York Cent. R. Co. v. Mohney, supra, and see note in 9 A. L. R. 501. Under the rule applied by the North Carolina courts defendant would be liable to a gratuitous passenger even for ordinary negligence. McNeill v. R. Co., 135 N. C. 682, 47 S. E. 765, 67 L. R. A. 227.

While a study of the evidence leads us to the conclusion that the pass upon which the plaintiff was riding was not issued without consideration, and that the plaintiff was not a gratuitous passenger, it is not necessary to decide that question in view of our holding on the question of willful and wanton negligence.

The evidence with regard to the procurement of the covenant not to sue was such as to fully justify its being set aside and not considered in the trial below. The circumstances surrounding the obtaining of this release from the plaintiff, for what was upon its face a grossly inadequate consideration of $25, were clearly sufficient to vitiate it.

The point urged as to the abuse of discretion by the trial judge is based principally upon the refusal to grant the defendant a continuance. In approaching this question we must bear in mind that the question is not whether the trial judge should have granted a continuance. That is a matter which the law leaves to his judgment, and not that of the appellate court. Whether a continuance shall be granted or not is a matter resting in his sound discretion; and the appellate court has no power to interfere with the exercise of that discretion unless it has been abused by the trial judge. Cox v. Hart, 145 U. S. 376, 12 S. Ct. 962, 36 L. Ed. 741; U. S. v. Rio Grande Dam & Irrigation Co., 184 U. S. 416, 22 S. Ct. 428, 46 L. Ed. 619; Speers Sand & Clay Works v. American Trust Co. (C. C. A.) 52 F.(2d) 831; Pocahontas Distilling Company v. U. S. (C. C. A.) 218 F. 782; Lyman v. Warner (C. C. A.) 113 F. 87; Coltrane v. Templeton (C. C. A.) 106 F. 370; Richmond Ry. & Electric Company v. Dick (C. C. A.) 52 F. 379; Panama R. Company v. Pigott (C. C. A.) 256 F. 837; Texas & P. Ry. Company v. Humble (C. C. A.) 97 F. 837.

We do not feel that, under the circumstances here, it can properly be said that there was an abuse of discretion on the part of the District Judge in refusing a continuance. Of course counsel assumed that after the March term in Elizabeth City there would be no further term until September; but upon calling the special term in May, the judge had the clerk notify counsel that it had been called so that they would be ready to try their cases at that time. That counsel for defendant did not receive the notice was due to the fact that he was in Washington, and his mail was not properly forwarded to him. Plaintiff was not responsible for this, and was on hand with her witnesses at considerable expense. The case was continued until Thursday to give defendant's attorney an opportunity to be present; and he was present with his associates and witnesses and tried the case. The only absent witness that he indicated a desire to have present was one who had procured the release which was attacked; but it may well have appeared to the trial judge, as it does to us, that this witness would not have been of value to defendant if he had been present. In view of the inconvenience and expense which a continuance would have

caused plaintiff, we cannot say that it was an abuse of discretion to refuse to continue for the absence of a witness of such doubtful value to defendant. A careful examination of the record convinces us that defendant was in no wise prejudiced by not having him present.

It is true that the letter of counsel for plaintiff of March 9th suggested a continuance of the case until the September term, and that the case was continued by consent of counsel under this suggestion; but the court was not a party to the agreement and was not bound by it in any way, and after he had called the special term and directed the parties to prepare for trial, and had thus caused plaintiff to incur trouble and expense in preparation, it was a matter resting in his sound discretion as to whether he should continue the case because of the agreement of counsel. It was stated on the argument before us that the judge said he would continue the case if plaintiff's counsel would agree. The record, by which we must be governed in deciding whether or not the judge abused his discretion, contains nothing with regard to this; and, even if this were shown by the record, we do not think that it would establish abuse of discretion. The judge in refusing to continue the case may have been influenced by the fact that the plaintiff, because of his order, had gone to the expense of preparing for trial, and may have been unwilling for that reason to order a continuance over plaintiff's objection, but willing to grant the continuance on defendant's motion if plaintiff were willing to consent. There was no abuse of discretion by the trial judge, and no reversible error in the trial.

The judgment of the court below is accordingly affirmed.